■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK GRAZIANO, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Breitel, J. P., Frank, Valente, McNally and Bastow, JJ.

■ In the Matter of BOB'S CORKED LIQUORS, INC., Appellant, against NEW YORK STATE LIQUOR AUTHORITY, Respondent, and ACKER MERRALL & CONDIT Co., Intervenor-Respondent.— Order entered April 17, 1957, dismissing the petition herein, and order entered March 19, 1957, denying petitioner's motion directing respondent to furnish petitioner with a copy of Exhibit "A" annexed to respondent's answer, and order entered April 17, 1957, granting the application of the intervenor-respondent to intervene as a party respondent, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Frank, Valente, McNally and Bastow, JJ.

■ In the Matter of HAROLD ROBBINS et al., Appellants, against JOSEPH SCHECHTER, as Chairman of the City Civil Service Commission, City of New York, et al., Respondents, and ELMER C. CONE et al., Intervenors-Respondents. — Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Frank, Valente, McNally and Bastow, JJ.

■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for Morningside-Manhattanville Slum Clearance Project, Bounded by West 123rd Street and other Streets. MARIA PERON et al., Appellants.— Decree, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Frank, Valente, McNally and Bastow, JJ.

■ In the Matter of ONE-TWO EAST 87TH ST. CORP., Appellant, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Frank, Valente, McNally and Bastow, JJ.

■ MERCANTILE EXCHANGE LEASING CORPORATION, Appellant-Respondent, v. ASTOR-BROADWAY HOLDING CORP., Respondent-Appellant.— Motion for reargument denied, with $10 costs. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ. [See ante, p. 833.]

(Republished)

■ STANDARD BRANDS INCORPORATED et al., Plaintiffs, v. ARLEN TROPHY Co., INC., Defendant and Third-Party Plaintiff-Respondent. PLYBRIDGE CORP., Third-Party Defendant-Appellant.— The wrong plaintiffs plead in their complaint for damage to their property from flooding is that third-party plaintiff turned on a faucet and permitted it to overflow on the floor in premises which it occupied and controlled. The third-party complaint does not plead a valid cause of action over against the landlord as third-party defendant within the active-passive theory of liability for tort. When the pleadings are read together a joint tort between third-party plaintiff and third-party defendant is to be seen; with the acts of the third-party plaintiff constituting the main element of causation. In this situation there should not be a recovery over. Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted, and judgment is directed to be entered in favor of the third-party defendant, Plybridge Corp., dismissing the third-party complaint, with costs. Concur — Botein, J. P., Frank, Valente, McNally and Bergan, JJ. [See ante, p. 998.]

■ In the Matter of the Application of JOSEPH M. KLEIN for an Order to Examine the Records of the Appellate Division Pertaining to William R. Klein.— Motion denied except as to the records and documents relating

to the charges which were sustained, since no order is required for their inspection (Judiciary Law, § 90, subd. 10). The denial of the application is without costs and without prejudice to a renewal after the issues in the litigation are more clearly defined and the necessity and materiality of the inspection sought to the proper defense of the action is established. At the present stage of the litigation the application for an inspection of the records deemed "private and confidential" by the provisions of section 90 of the Judiciary Law is premature. Motion unanimously denied in accordance with the memorandum decision above. Concur — Botein, J. P., Frank, Valente, McNally and Bastow, JJ.