George M. Carney, J.
In this article 78 proceeding, petitioners seek an order reviewing and annulling the determination of the respondents City Civil Service Commission of the City of New York, the Personnel Director of the Department of Personnel of New York City, and the Police Commissioner of the City of New York, whereby respondents effected an adjustment of the “ raw score ” achieved by those taking an examination to establish a list for consideration for promotion to the position of Police Captain. The test concerned consisted of two parts, and, under the rules promulgated therefor, only those scoring at least 70% on part I of the test were to be eligible for consideration of their answers to part II. Part I consisted of 100 multiple choice questions; part II, of six essay questions. The announcement of the examination stated that a minimum passing mark for each part of the test would be required. The examination booklet stated that the minimum passing mark for part I was 70%. Prior to the identification of the candidates and the assignment of individual grades, respondents determined that 125 of the 868 eligibles who took the test had received a “ raw score ” of at least 70% on part I. Based upon this finding, and respondents’ conclusion that if only these 125 were deemed eligible to be marked on part II, an insufficient number of eligibles would result to meet Police Department needs for Captains for the two-year life of the list, respondents adjusted the marks on part I by, in effect, adding three points to the ‘ ‘ raw score ” of each examinee on part I. By so doing, 228 candidates achieved a converted score of 70% or more, and thus became eligible to take part II of the test. Out of this 228, a list of 128 candidates for promotion was obtained. Petitioners, who received a “ raw score ” of 70% or more, attack the conversion on the ground that they are now competing for appointment with others on the list who would not have been eligible for consider *184 ation absent the conversion. Thus, they argue, their chance of appointment has been diminished, particularly since, they allege, there will be insufficient vacancies in the position to allow the appointment of all on the list.
Rule 4.5.1 of the Rules of the City Civil Service Commission provides, in pertinent part, that marking of examinations “ shall be comparative and in accordance with such standards as the needs of the service may require. Where there is an insufficient number of candidates in an open competitive examination or promotion examination to provide an eligible list to meet the needs of the service, the director may provide a mathematical formula of penalties for incorrect answers on the basis of test difficulty and other relevant factors involved in the rating of any written test The legality of a rule substantially similar to the above has been upheld (Matter of Robbins v. Schechter, 7 Misc 2d 436, affd. 3 A D 2d 1010, affd. 4 N Y 2d 935). The good faith of respondents’ determination that part I of the test, as given, was too difficult is not challenged. In view of the numbers of those who obtained a passing ‘ ‘ raw score ’ ’ on part I of the test, as compared to the number who took part I, the basis for the determination that the test was too difficult is, on its face, substantial and should not be disturbed by this court (Matter of Abramson v. Commissioner of Educ., 1 A D 2d 366). Rule 4.5.1, above quoted, was promulgated prior to the date of the examination at issue. Accordingly, the use of grade adjustments would not be unlawful based upon any claimed lack of knowledge of the possibility thereof by the examinees (cf. Matter of Hymes v. Schechter, 6 N Y 2d 352, 357).
Accordingly, the question remaining for resolution is the validity of' respondents’ determination that the number of eligibles that would have resulted had there been no adjustment in scores would have been insufficient to fill the vacancies that would probably arise in the announced two-year life of the list for Police Captain positions. It has been testified that the prior Captain’s eligible list, established March 7, 1962, had 140 names at its inception and was exhausted in July, 1964, some 28 months later, after the promotion of 126 eligibles. Further, it appears there are now 19 vacancies in that position, and the average number of appointments to the position during the last 4 years was approximately 50 per year. Accordingly, excluding normal attrition, and assuming that only the existing vacancies will be filled and further appointments made in the number of 50 per year, as is the past 4 years, a list of 119 would be necessary (with minor adjustments, respondents assert that 127 appointments would be expected). Allowing utilization of the *185 conversion, a list of 128 eligibies will result from the test herein concerned. Even without adjustments for normal attrition (from death, disablement, etc. of eligibies), and excluding consideration of the fact that the average number of appointments for the years 1963 and 1964 (when the quota of captains was established) had, at its present level, exceeded 50, the respondents’ determination of need for the adjustment to meet the probable future needs of the service would have substantial basis. Including those factors, the determination appears overwhelmingly correct. That being the case, no valid basis exists for this court’s disturbance of the decision. Questions concerning the desirability of the particular method of adjustment used, as against other possible methods, is immaterial. Petitioners have asserted that the determination that 50 vacancies per year would probably occur in the position is incorrect, for that determination is based upon computation of appointments in prior years, including those years in which there were quota increases. Thus, petitioners claim, the figures are not true, for quota increase affects only the number of appointments for the year of the increase. However, as the quota is increased, the probable number of future vacancies will also increase. In any event, it cannot be held, on the basis of the record presented, that no reasonable basis existed for the determination attacked. The petition is therefore dismissed.