■ In the Matter of MICHAEL J. BRUNO et al., Individually and as Officers of Committee for a Fair Score, Respondents, v MARK D. LEBOW, as Chairman of the Civil Service Commission for the City of New York, et al., Appellants, and CAREY T. CAREY et al., Intervenors-Respondents. — Order, Supreme Court, New

York County (Arnold Fraiman, J.), entered on April 8, 1983 denying the respondents' motion to renew their motion to dismiss this CPLR article 78 petition and adhering to its prior judgment, entered February 8, 1983, which, *inter alia,* granted the petition to the extent of vacating the Department of Personnel's determination reducing certain passing scores on the promotional exam for the rank of police department lieutenant and enjoining the promotion of any officers on the basis of that determination, unanimously reversed, on the law, the motion to renew is granted and upon renewal the petition is dismissed, without costs. The appeal from the underlying judgment is dismissed as superseded by the subsequent order, without costs. Pursuant to notice of examination issued by the police commissioner and the Department of Personnel, approximately 2,150 candidates took a written technical knowledge test and a written administrative test on June 26, 1982. Candidates who successfully passed both of these examinations were to be then eligible to sit for an interactive (oral) test. In September of 1982, prior to release of the pass/fail list from the June test-taking, respondents announced revised answer keys to the written test such that the passing mark required on the administrative portion was reduced. As a result, a larger pool of candidates was allowed to sit for the third, interactive examination with the effect that some candidates who would not have previously been allowed to take this oral examination ended up in a higher position on the promotional list, by virtue of their having done better on the interactive test than applicants who had passed the two written tests under the original cut-off grade. Because the number of openings for lieutenant was smaller than the total number who passed (all three portions) under the revised standard, officers who would have passed under the original pass mark, and candidates who would have benefited had the Personnel Department similarly or alternatively reduced the pass mark for the technical test, claim that the Personnel Department's determination in this matter was arbitrary and capricious. Special Term agreed, vacated the pass mark reduction and remanded for further proceedings. Initially we note that Special Term erred in denying respondents' motion for leave to renew since the original decision was based on a ground not specifically argued by petitioners, and appellants' moving papers on their motion to renew contained additional facts which were specifically addressed to the court's concern. As to the substance of the dispute, appellants' argument also has merit. Sections 4.4.9 (c) and 4.4.13 of the rules of the Department of Personnel permit the department to reduce a test passing grade before a list is established, when an examination yields an insufficient number of eligible candidates. While such a reduction may not be made arbitrarily or capriciously, the mathematical basis upon which appellants reduced the passing grade — using the standard deviation, once it had been determined that the administrative part of the examination was more difficult than anticipated — was rational and logically related to the ends for which the exam was administered. While in a general way, the establishment of any cut-off point is arbitrary, the Personnel Department's action was rationally related to both accepted practices of examination administration and of measuring the required qualities deemed essential for one to be promoted to the rank of lieutenant. Therefore, it cannot be said that as a matter of law the department's action was either arbitrary or capricious. (Cf. *Matter of Robbins v Schechter,* 7 Misc 2d 436 [per Gavagan, J.], affd 3 AD2d 1010, affd 4 NY2d 935.) Special Term erred in substituting its judgment for that of the agency and its experts. Concur — Carro, J. P., Asch, Bloom, Fein and Alexander, JJ.