■ In the Matter of THOMAS M. FAHEY, Appellant, v CESAR PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 17, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, annul respondent's determination of an overpayment of Medicaid reimbursements.

Petitioner, operator of Castle Rest Nursing Home in Onondaga County, a participant in the Medicaid program, alleges that he received written notice of a rate audit in 1981 for the base years 1975 through 1978. An entrance conference, field work and an exit conference followed and, dissatisfied with the initial audit report, petitioner requested "bureau review" pursuant to 10 NYCRR 86-2.7 (e), which the Department of Health granted. Before the review took place, however, responsibility for auditing Medicaid claims was transferred to the Department of Social Services (see, L 1983, ch 83; Social Services Law § 368-c), which promulgated new regulations for

such audits *(see,* 18 NYCRR part 517). Foreseeing that cases would be pending before the Department of Health at the time of transfer of authority, 18 NYCRR 517.17 provided for these transition cases as follows: "Providers which requested bureau reviews in accordance with the provisions of 10 NYCRR Part 86 and which did not receive final determinations based thereupon shall be entitled to a final audit report and to a hearing in accordance with the provisions of sections 517.6 and 517.7 of this Part. Providers which have requested hearings in accordance with 10 NYCRR Part 86 or former 18 NYCRR Part 518 shall be entitled to a hearing in accordance with section 517.7 of this Part."

The Department of Social Services thereafter performed an audit for base year 1979 and issued a consolidated final report covering the entire period 1975 through 1979. Pursuant to 18 NYCRR 517.7, petitioner sought and was afforded an administrative hearing to challenge the report, which has not yet been determined. Respondent gave advance notice, however, that petitioner's claims that respondent denied him due process by refusing to grant bureau review and a hearing prior to recoupment of alleged overpayment would not be considered, a ruling challenged by petitioner in this CPLR article 78 proceeding. Subsequent to joinder of issue, Supreme Court rejected respondent's objection in point of law of failure to exhaust administrative remedies, converted the proceeding to an action for declaratory judgment and dismissed the petition on the merits. Petitioner appeals.

We affirm. Initially, we agree with Supreme Court's determination that petitioner was not required to exhaust his administrative remedies. The general rule is that a litigant is required to pursue all available remedies before having recourse to the courts *(see,* CPLR 7801 [1]), but the exhaustion rule is not inflexible and need not be followed where to do so would be futile *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Here, where respondent gives advance notice that petitioner's claims of denial of due process will not be considered during the administrative hearing, it is manifest that such proceedings would be futile.

Addressing the merits of the petition, the claim of prejudice resulting from deprivation of "bureau review" is not tenable. A comparison of the current and former procedures *(compare,* 18 NYCRR part 517, *with* 10 NYCRR 86-2.7) shows them to be functional equivalents. The former bureau review, consisting of the submission and consideration of written objections to the audit report prior to its becoming final (10 NYCRR 86-2.7

[e]), has been supplanted by a procedure calling for the submission and consideration of written objections to the "draft" audit report prior to issuance of the "final" audit report (18 NYCRR 517.5, 517.6). The final audit report issued pursuant to 18 NYCRR 517.17 is fully equivalent to and shall constitute a determination of the bureau review previously requested by petitioner. Further, the claim that petitioner was denied the due process of a "pre-deprivation hearing" is unavailing as it is well established that the Commissioner of Health need not hold a hearing before acting to recoup Medicaid payments *(see, Clove Lakes Nursing Home v Whalen,* 45 NY2d 873, 874-875; *see also, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 178-179, *cert denied* 476 US 1115; *Matter of White Plains Nursing Home v Axelrod,* 131 AD2d 24, 27).

Judgment affirmed, without costs. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.