■ In the Matter of CHARLES W. GERENA, JR., Respondent, v RAMON J. RODRIGUEZ, as Chairman of the New York State Parole Board, et al., Appellants. [596 NYS2d 143] —In a proceeding pursuant to CPLR article 78 to review certain special conditions of release to parole supervision, the appeal is from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered March 21, 1991, which, *inter alia,* directed the New York State Division of Parole to delete special conditions imposed April 16, 1990, and May 14, 1990, respectively, prohibiting the petitioner's employment as a chauffeur, taxicab, or livery driver without its prior written permission, and prohibiting him from applying for a driver's license or operating a motor vehicle without his parole officer's prior written permission.

Ordered that the judgment is reversed, on the law, with costs, the determinations are confirmed insofar as reviewed, and the proceeding is dismissed on the merits.

Decisions of the New York State Division of Parole which concern the release of an inmate to parole supervision, including any special conditions imposed by a parole board or a field parole officer, are discretionary in nature and thus beyond the review of the courts if made in accordance with law *(see,* Executive Law § 259-i [5]; 9 NYCRR 8003.2 *[l]; Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21, 29; *People ex rel. Prince v Meloni,* 166 AD2d 926, 927; *Matter of Rock v New York State Bd. of Parole,* 124 AD2d 804). In making such decisions, the Division of Parole may consider the crime for which the inmate was convicted *(see, People ex rel. Thomas v Superintendent of Arthur Kill Correctional Facility,* 124 AD2d 848; *Matter of Harden v New York State Bd. of Parole,* 103 AD2d 777).

In this case, the petitioner had been convicted of sodomy and attempted sodomy in connection with attacks on three young children. In all three cases the victims were lured into the petitioner's car and were then driven to a secluded loca-

tion, where the attacks occurred. The petitioner's parole officer and one of the parole officer's supervisors determined that preventing the petitioner from having access to the means of his past criminal acts was warranted in order to protect public safety. Accordingly, the parole officer imposed a special condition whereby the petitioner was prohibited from working as a professional driver without express prior approval from the Division of Parole, and his supervisor later broadened that restriction by denying him permission to obtain a driver's license or to operate a motor vehicle absent prior approval from his parole officer. Because these determinations were made in the lawful exercise of official discretion, the Supreme Court erred in substituting its view of the petitioner's case for that of the petitioner's parole officer and his supervisor, and its judgment must therefore be reversed *(see, Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21, *supra).* Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.