■ In the Matter of NORTH SHORE UNIVERSITY HOSPITAL, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents. [612 NYS2d 485] —Casey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered January 12, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pur-

suant to CPLR article 78, to review a determination of respondents denying petitioner's request to recalculate petitioner's 1986 through 1988 Medicaid reimbursement rates.

Petitioner, a hospital that participates in the Medicaid reimbursement program, contends that respondents' denial of its request to recalculate its rates for the 1986 through 1988 rate years must be annulled because petitioner was entitled to a case mix adjustment for those rate years pursuant to Public Health Law § 2807-a (11) (d). According to petitioner, the case mix calculations used by respondents to deny petitioner's request for an adjustment were unlawful, arbitrary and in conflict with the Legislature's intent. Although petitioner contends that its challenge is two-fold, directed at the methodology employed by respondents and at the individualized rate determination, petitioner does not claim that its rates are inconsistent with the pertinent regulations *(see, e.g., Jordan Health Corp. v Axelrod,* 67 NY2d 935). Rather, petitioner's challenge focuses on the rationality of the regulations relied upon by respondents as the basis for the case mix calculations. Because the record establishes that such a challenge would not be considered during an administrative appeal, we reject respondents' contention that certain of petitioner's claims are barred by its failure to raise them during its administrative appeal *(see, Matter of Fahey v Perales,* 141 AD2d 934, 935). We also reject respondents' contention that petitioner failed to raise the claims in its petition. The allegations of the petition that challenge the methodology and regulations used by respondents to deny petitioner's request for case mix adjustments are sufficiently broad to include the claims specified in petitioner's reply.

To succeed in its challenge to the validity of the regulations, petitioner must establish that the regulations are so lacking in reason for their promulgation that they are essentially arbitrary *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 166). Administrative rules are scrutinized for genuine reasonableness and respondents' rate-setting action will be annulled upon a compelling showing that the calculations from which the determination is derived are unreasonable *(see, supra,* at 166).

Public Health Law § 2807-a (11) (d) requires the adjustment of "a prospectively established inpatient rate on the basis of subsequent data that demonstrates a significant cost influencing change in patient mix". The patient mix or case mix is a profile of the severity of illnesses and necessary treatment of

patients served by the hospital. Petitioner claims that for the rate years at issue its case mix had increased greatly and it had performed significantly more difficult procedures. Respondents determined, however, that petitioner had not incurred a significant case mix increase because it did not meet the 1% threshold for increases set by 10 NYCRR 86-1.11 (s) (3).

Prior to 1986, respondent used an "all payor" system, which included both Medicaid and Medicare rates. To determine whether a case mix adjustment was warranted during the period 1983 through 1985, a facility's case mix for the rate year was compared to its case mix for the 1981 base year. Under the reimbursement system in effect for 1986 and 1987, the Department of Health no longer set reimbursement rates for Medicare. Although 1981 remained the base year, the 1986 and 1987 rates had to be based upon the costs used in determining the 1985 rates, including the annualized cost impact of rate revisions or adjustments made in determining the 1985 rates (see, Public Health Law § 2807-a [1]). As a result of these changes, the method for determining whether a significant change in case mix had occurred was altered. Instead of comparing a facility's 1981 case mix and rate year case mix, the new method compared the rate year case mix with the case mix for the previous rate year (see, 10 NYCRR 86-1.11 [s] [2]).

Petitioner contends that the revised method is irrational because it constitutes an "apples to oranges" comparison of noncomparable groups. According to petitioner, the 1981 through 1985 "patient universe" includes Medicare patients, while Medicare patients are excluded from the 1986 and 1987 "patient universes". It is undisputed, however, that pursuant to 10 NYCRR 86-1.11 (s) (2) each hospital's 1985 case mix was recalculated to reflect only non-Medicare patients, and the recalculated 1985 case mix was then compared to the hospital's 1986 case mix for non-Medicare patients. Some Medicare data was included, however, because the 1985 costs included the annualized costs of 1981 through 1985 case mix adjustments. According to respondents, the adjustments had to be included pursuant to Public Health Law § 2807-a (1). We are of the view that the revised method of comparison established by the regulation represents a rational response to the required changes in the methodology (but not necessarily the only possible rational response) and that petitioner failed to meet its burden of establishing that the regulation is so lacking in reason for its promulgation that it is essentially arbitrary. Nor has petitioner shown that the alleged "apples

to oranges" comparison actually resulted in calculations that are unreasonable.

Next, petitioner contends that the revised method creates multiple "corridors"* to determine eligibility for a case mix adjustment, whereas the method in effect for the 1983 through 1985 rate years used a single "corridor". Petitioner had no vested right in the prior method *(see, Matter of Rye Psychiatric Hosp. Ctr. v State of New York,* 177 AD2d 834, 835, *lv denied* 80 NY2d 751) and, as previously noted, the revised method represents a rational response to the required changes in the rate-making methodology. Petitioner relies upon some hypothetical data to support its claim that the use of multiple "corridors" leads to "insidious and skewed" results, but petitioner did not establish that the revised method actually resulted in calculations that were unreasonable. Petitioner's claim that the revised method was designed to preclude any case mix adjustment for virtually all facilities is belied by evidence in the record that a significant number of facilities received case mix adjustments in 1986 and 1987.

Petitioner's final contention, that the use of per diem case-weights is irrational because it encourages hospitals to be inefficient and prolong the length of stay of patients who require high-intensity levels of care, is similarly lacking in merit. Petitioner's claim is based on speculation and surmise, rather than actual data to demonstrate that the revised method has led to the inefficiency predicted by petitioner. The record reflects that respondents conducted adequate empirical studies before adopting this aspect of the methodology *(cf., New York State Assn. of Counties v Axelrod, supra).*

Having concluded that petitioner's challenge is directed at the validity of the regulations that contain the method whereby respondents determined petitioner's entitlement to a case mix adjustment, we note that the appropriate remedy for such a challenge is a declaratory judgment action *(see, Boreali v Axelrod,* 71 NY2d 1) and the petition in this case seeks both declaratory relief and CPLR article 78 relief. Accordingly, based upon our conclusion that petitioner failed to meet its burden to demonstrate the irrationality of the challenged regulations, the judgment should be modified to so declare.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs,

* The term "corridor" refers to the range of changes in case mix for which no case mix adjustment would be made. The "corridor" established by 10 NYCRR 86-1.11 (s) (3) is + 1% to − 2%.

by declaring that petitioner failed to demonstrate that the challenged regulations lack a rational basis, and, as so modified, affirmed.

