■ In the Matter of JAMES CHMIELEWSKY et al., Appellants, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [668 NYS2d 69] —Spain, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 29, 1997 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondent to lift a parole condition imposed upon petitioners.

Petitioner James Chmielewsky was released on parole in October 1995 under special conditions which included, *inter alia*, that he remove the Rottweiler and three German Shepard dogs currently living in his residence. Chmielewsky complied with the condition but subsequently requested that it be lifted. When by letter dated November 2, 1995 respondent denied the request on the ground that the presence of animals in the household would jeopardize the safety of its staff, Chmielewsky again requested that the condition be removed. By letter dated May 13, 1996, respondent again denied the request and emphasized that it had no intention of reconsidering its position at that time.

Thereafter, on January 29, 1997, Chmielewsky and his wife commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus seeking a judgment directing respondent to lift the parole condition or, alternatively, a hearing in order that they may demonstrate that respondent's position was

arbitrary and capricious, an abuse of discretion and affected by bad faith. Supreme Court dismissed the petition on the ground that it was time barred by the applicable four-month Statute of Limitations, prompting this appeal.

We agree with Supreme Court that the petition was time-barred and should be dismissed. Initially, because decisions regarding any special conditions imposed by the Parole Board are discretionary in nature (*see, Matter of Gerena v Rodriguez*, 192 AD2d 606), this proceeding is in the nature of mandamus to review rather than mandamus to compel (*see, Matter of Van Aken v Town of Roxbury*, 211 AD2d 863, *lv denied* 85 NY2d 812). Therefore, the applicable four-month Statute of Limitations began to run from the date respondent conveyed its refusal to lift the condition (*see, Matter of Healy v Sheldon*, 235 AD2d 992; *Matter of Van Aken v Town of Roxbury, supra*, at 864; *Matter of Connell v Town Bd.*, 113 AD2d 359, *affd* 67 NY2d 896). Even assuming that petitioners were unaware that respondent would not consider lifting the condition until they received the May 13, 1996 letter, this CPLR article 78 proceeding, which was commenced eight months later, was clearly untimely. Contrary to petitioners' contention, their December 10, 1996 request for reconsideration did not serve to extend the limitations period or otherwise reinstate their already time-barred cause of action (*see, Matter of Saraf v Vacanti*, 223 AD2d 836).

We have reviewed petitioners' remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.