■ In the Matter of A. RABB ALAMIN, Also Known as R. PRICE, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [679 NYS2d 425] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered November 27, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

Petitioner was found guilty of disobeying a direct order and failing to comply with a hearing disposition in violation of prison disciplinary rules. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking, *inter alia*, annulment of the determination on the basis that the misbehavior report was issued in retaliation for numerous grievances he had filed against correctional officers for violating the correctional facility's smoking regulations. Supreme Court dismissed the petition on the ground that petitioner failed to exhaust his administrative remedies. Petitioner appeals.

Initially, respondents concede that Supreme Court erred in dismissing the petition for failure to exhaust administrative remedies and urge this Court to address the merits of the petition without remitting the matter to Supreme Court. In the interest of judicial economy we do so and, based upon our review of the record, we conclude that the petition was properly dismissed.

The misbehavior report, together with the hearing testimony, provide substantial evidence of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964). Petitioner's contention that the misbehavior report was issued in retaliation for the numerous grievances he had filed presented a credibility issue for resolution by the Hearing Officer (*see, Matter of Rivera v Goord*, 248 AD2d 902, 903). To the extent petitioner challenges the enforcement of the facility's smoking regulations, we note that such issues are unrelated to the disciplinary determination finding petitioner guilty of violating prison disciplinary rules and, therefore, such issues are not properly part of this CPLR article 78 proceeding. Petitioner's remaining contentions, including his conclusory assertion that the hearing transcript

is inaccurate, have been reviewed and are either without merit or not properly before this Court.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.