■ In the Matter of STEVEN DICKMAN, Appellant, v SHERRI TRIETLEY, as Field Parole Officer for the Division of Parole, et al., Respondents. [702 NYS2d 449] —Carpinello, J. Appeals (1) from a judgment of the Supreme Court (Sheridan, J.), entered November 2, 1998 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, partially granted respondents' motion to dismiss the petition, (2) from a judgment of said court, entered December 4, 1998, in Albany

County, which, *inter alia*, dismissed petitioner's application to review a determination of respondents disapproving of his proposed residence upon parole release, (3) from a judgment of said court, entered February 9, 1999 in Albany County, which denied petitioner's motions for reargument and sanctions, and (4) from a judgment of said court, entered July 7, 1999 in Albany County, which denied petitioner's motion for renewal.

While incarcerated at a State correctional facility, petitioner made a Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) request for various documents pertaining to the investigation surrounding his impending release to parole. Alleging that he was never supplied with the requested documents, petitioner commenced this CPLR article 78 proceeding seeking to compel disclosure. The petition further challenged the authority of his field parole officer to disapprove of his proposed residence upon parole release, namely, petitioner desired to live with a woman he had never personally met. He relatedly claims in the petition that prohibiting him from residing with this woman as a condition of parole was itself arbitrary and capricious.

To the extent that petitioner seeks review of respondents' alleged denial of his FOIL request, he has failed to exhaust administrative remedies (*see*, Public Officers Law § 89 [4] [a], [b]; 9 NYCRR 8008.8; *see also*, *Matter of Almodovar v Altschuller*, 232 AD2d 700). Contrary to petitioner's contention, respondents' failure to advise him of the need to appeal under 9 NYCRR 8008.8 does not preclude dismissal of his FOIL-related claims under *Matter of Barrett v Morgenthau* (74 NY2d 907, 909) (*compare*, 21 NYCRR 1401.7 [b], *with* 9 NYCRR 8008.8).

The remainder of the petition was properly dismissed. The field parole officer who conducted the investigation into petitioner's proposed program upon release (which required an investigation into his proposed residence) and who discovered the precise "relationship" between petitioner and his proposed roommate (petitioner had previously identified her as a "friend") had serious concerns about permitting this living arrangement. The woman was recently separated, lived alone and knew petitioner only as a "pen pal". Defendant had a history of grand larceny offenses. Thus, because the two had never met and out of concern that petitioner might in fact victimize this woman, the field parole officer disapproved of petitioner's proposal to reside with her upon release and further conditioned his release on having no contact with her without prior written permission from his parole officer.

Contrary to petitioner's contentions, the field parole officer most certainly had authority to impose special conditions on his release pursuant to 9 NYCRR 8003.3, which reads as follows: "A special condition may be imposed upon a releasee either prior or subsequent to release. The releasee shall be provided with a written copy of each special condition imposed. Each special condition may be imposed by a member or members of the Board of Parole, an authorized representative of the Division of Parole, or a parole officer." Moreover, the decision to impose a special condition upon the release of an inmate is discretionary in nature and beyond the review of the courts so long as made in accordance with law (*see, Matter of M.G. v Travis*, 236 AD2d 163, 167, *lv denied* 91 NY2d 814; *Matter of Gerena v Rodriguez*, 192 AD2d 606). Here, the subject condition—prohibiting petitioner, given his criminal history, from living with a virtual stranger while on parole—was eminently rational (*see, Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77) and the decision to impose same violated no statutory requirement (*see, Matter of M.G. v Travis, supra; Matter of Gerena v Rodriguez, supra*). Thus, judicial intervention is unwarranted.

Petitioner's remaining contentions have been reviewed and rejected as without merit.

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.