Appeal from a judgment of the Supreme Court (Stein, J.), entered March 17, 2003 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole imposing certain conditions upon petitioner’s parole release.
Petitioner has reached his conditional release date following his conviction of various crimes, including sodomy in the first, second and third degrees, sexual abuse in the first degree and endangering the welfare of a child. His criminal history, which dates back to 1962, also includes a 1971 arrest in New Jersey for narcotics possession and debauching the morals of a minor. Petitioner continues to be incarcerated based upon his refusal to agree to certain special conditions placed upon his parole release, i.e., the conditions investing his parole officer with the authority to direct petitioner to participate in substance or alcohol abuse treatment programs. Petitioner challenges these conditions as arbitrary and capricious as his record shows no indication that he is in need of such treatment.
The imposition of a special condition upon the release of an inmate is discretionary in nature and beyond judicial review so long as it is made in accordance with law (see Executive Law § 259-i; 9 NYCRR 8003.2; see also Matter of Dickman v Trietley, 268 AD2d 914, 915 [2000]). This Court is not permitted to substitute its discretion for that of the individuals in charge of designing the terms of petitioner’s parole release (see Matter of M.G. v Travis, 236 AD2d 163, 169 [1997], lv denied 91 NY2d 814 [1998]; Matter of Gerena v Rodriguez, 192 AD2d 606 [1993]) and we would not, in any event, be disposed to do so in this *850 matter. The conditions in question are not arbitrary or capricious in view of petitioner’s record (which includes a charge of narcotics possession). Under the circumstances presented here, it is reasonable to invest petitioner’s parole officer with the authority to mandate treatment for petitioner’s use of alcohol or controlled substances (as needed), given the difficulty that petitioner has previously exhibited in controlling his impulses toward obtaining sexual gratification from children (see Matter of Wright v Travis, 297 AD2d 842 [2002]). The remaining issues raised herein have been reviewed and found to be without merit.
Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.