■ In the Matter of GERALD CICCARELLI, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [784 NYS2d 173]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 29, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

Petitioner was convicted in 1989 of several drug-related offenses, and was sentenced to a term of imprisonment of four years to life. He had previously been convicted of several offenses involving inappropriate contact with a minor. Petitioner was released on parole in 1993, and as a condition of parole was required to have no contact with anyone under 17 years of age without an adult present and his parole officer's approval. In 1999, petitioner was charged with violating conditions of his parole by being alone with the victim, who was 14 at the time, and engaging in inappropriate behavior with her on two occasions. One of the episodes, which occurred in May 1999, resulted in petitioner pleading guilty to attempted endangering the welfare of a child and admitting that he was alone with the victim and helped her skip school. An Administrative Law Judge (hereinafter ALJ) sustained the charges relating to both of these

incidents and recommended that petitioner's parole be revoked after a hearing. The Board of Parole affirmed the ALJ's recommendation. Petitioner also commenced this proceeding challenging the Board's determination.* Petitioner was re-released on parole in 2003, and petitioner also challenges several special conditions of parole imposed upon him. Supreme Court dismissed the petition, and petitioner appeals.

Initially, as the petition raised a question of substantial evidence, Supreme Court should have transferred the matter to this Court (see CPLR 7804 [g]). We will exercise our authority to treat the question as properly transferred, and shall consider the issue de novo (see Matter of Barnwell v Goord, 268 AD2d 725, 725 [2000], lv denied 95 NY2d 751 [2000]).

The victim's testimony and sworn statement describing the incidents, coupled with petitioner's admission that he violated the conditions of his parole by taking the victim out alone and without the knowledge and consent of his parole officer, provide sufficient evidence to support the findings of guilt (see Matter of Kravetz v New York State Div. of Parole, 293 AD2d 843, 843 [2002], lv denied 98 NY2d 610 [2002]; People ex rel. Fahim v Lacy, 266 AD2d 612 [1999], lv denied 94 NY2d 759 [2000]). While evidence contradicting the victim's testimony existed, such presented a question of credibility for the Board to resolve (see Matter of Courtney v New York State Div. of Parole, 283 AD2d 707 [2001]).

As for petitioner's various contentions regarding the availability of the victim for cross-examination, we need only point out that the victim did ultimately appear and was cross-examined. We also find that petitioner's allegations of bias on the part of the ALJ, who found petitioner not guilty of several of the more serious charges, are unsupported by the record. In any event, petitioner has failed to show that the findings in this case flowed from the alleged bias (see Matter of Hernandez v McSherry, 271 AD2d 777, 778 [2000], lv denied 95 NY2d 769 [2000]). Finally, we find nothing arbitrary or capricious in the imposition of certain special conditions on petitioner's parole given his past criminal history (see Matter of Ahlers v New York State Div. of Parole, 1 AD3d 849, 849-850 [2003]).

We have considered petitioner's other arguments and find them to be without merit.

---

* At the time this proceeding was commenced, the Board had not ruled on petitioner's administrative appeal. Supreme Court denied respondent's motion to dismiss, holding that petitioner's administrative remedies were exhausted by the failure of the Board's Appeals Unit to rule on petitioner's appeal in a timely fashion (see Matter of Graham v New York State Div. of Parole, 269 AD2d 628, 629 [2000], lv denied 95 NY2d 753 [2000]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.