■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM STEVENSON, Appellant, v WARDEN OF RIKERS ISLAND, Respondent, and NEW YORK STATE DIVISION OF PAROLE, Respondent. [806 NYS2d 185]—

Judgment (denominated an order), Supreme Court, Bronx

County (Richard Lee Price, J.), entered on or about November 25, 2003, which denied and dismissed the habeas corpus petition, inter alia, challenging the validity of special conditions imposed by respondent State Division of Parole upon petitioner's early release to parole supervision, unanimously affirmed, without costs.

There is no federal or state constitutional right to be released to parole supervision before serving a full sentence, and, accordingly, the state has discretion to place restrictions on parole release (*see Matter of M.G. v Travis*, 236 AD2d 163, 167 [1997], *lv denied* 91 NY2d 814 [1998]). Such restrictions or conditions may be imposed by respondent State Division of Parole before or after a parolee's release (*see* Executive Law § 259-c [2]; 9 NYCRR 8003.3) and are not ordinarily subject to court supervision since the parolee remains under active administrative supervision of trained officials whose discretion with respect to parole and the conditions on which it may be granted is absolute, so long as no positive statutory requirement is violated (*see Matter of Briguglio v New York State Bd. of Parole*, 24 NY2d 21, 28-29 [1969]).

Here, the special conditions imposed are rationally related to the crime for which petitioner was incarcerated; they were evidently designed to reduce the opportunities for recidivist behavior and, concomitantly, any risk petitioner's early release may pose to the public, including, most particularly, the victims of his criminal activity (*see e.g. Matter of M.G. v Travis*, 236 AD2d at 167-168).

Accordingly, since the special conditions imposed upon petitioner do not offend any constitutional or statutory provision and the challenged determination revoking petitioner's parole for violation of the conditions upon which it was granted was made in the lawful exercise of the Division of Parole's official discretion, the petition was properly denied (*see Matter of Briguglio, supra*; *Matter of Gerena v Rodriguez*, 192 AD2d 606 [1993]; *and see* Executive Law § 259-i [5]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.