■ In the Matter of JAMES MOLLER, Appellant, v ROBERT DENNISON, Respondent. [849 NYS2d 645]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Robert Dennison, as Chairman of the New York State Division of Parole, dated July 19, 2006, which denied, without a hearing, the petitioner's application to lift a special condition of his post-release supervision prohibiting him from associating in any way or communicating by any means with his wife without approval from the New York State Division of Parole or, in the alternative, for permission, pursuant to the special condition, to reside with his wife, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Phelan, J.), dated December 19, 2006, which, upon granting that branch of the respondent's motion which was to dismiss the petition as time-barred, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In July 2002 the petitioner was convicted, inter alia, of attempted assault in the first degree, assault in the second degree, and reckless endangerment in the first degree after shooting his wife with a shotgun as she was backing the family car out of the driveway.

Pursuant to the terms of his January 2006 supervised release, the petitioner was prohibited from associating in any way or communicating by any means with his wife without the permission of the respondent Chairman of the New York State Division of Parole. In June 2006 the petitioner applied to the respondent for permission to reside with his wife. The respondent summarily denied the application in July 2006, based on the existence of a "policy strictly prohibit[ing] the approval of a proposed residence . . . with any victim of domestic violence

perpetrated by the parolee, even if the victim claims that there has been reconciliation."

The petitioner thereafter commenced this CPLR article 78 proceeding by order to show cause dated October 12, 2006. The respondent successfully moved to dismiss the petition as time-barred (*see* CPLR 217 [1]).

Contrary to the respondent's contention, the instant proceeding, which was commenced less than four months after the petitioner was formally denied permission to reside with his wife, is not barred by the statute of limitations (*see Matter of Chmielewsky v New York State Div. of Parole*, 246 AD2d 778, 779 [1998]). Thus, the Supreme Court erred in granting the respondent's motion to dismiss on this ground.

In the interest of judicial economy (*see Matter of Alamin v New York State Dept. of Correctional Servs.*, 253 AD2d 948 [1998]), we consider the merits of the petition and, based on our review of the record, conclude that it should be denied (*cf. United States v Rodriguez*, 178 Fed Appx 152, 157-158 [2006], *cert denied* — US — , 127 S Ct 1124 [2007]; *People v Jungers*, 127 Cal App 4th 698, 703-704, 25 Cal Rptr 3d 873, 877-878 [2005]). Thus, the Supreme Court's dismissal of the proceeding is affirmed. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.