■ In the Matter of EVERETT WILLIAMS, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [899 NYS2d 146]—

Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered January 12, 2009, which, in a CPLR article 78 proceeding, modified a special condition of petitioner's parole which forbade him from having any contact with his wife without the permission of his parole officer, to permit petitioner to see his wife during noncurfew hours so long as the wife wished to see him, reversed, on the law, without costs, the special condition reinstated, and the proceeding dismissed on the merits.

On April 3, 2007, petitioner was released on parole subject to

17 "Special Conditions" (SCs). These included, SC 13h, under which petitioner agreed to abide by a curfew established by his parole officer (P.O.), and SC 13l, under which petitioner agreed that "I will not associate in any way or communicate by any means with [my] wife, Mary Provost, without the permission of the P.O." While denying petitioner's application to vacate the curfew and to allow him to live with his wife, the Supreme Court held that although SC 13l was not a per se violation of petitioner's constitutional rights, it was arbitrary to deny petitioner visitation during noncurfew hours as long as the wife consented thereto. In so ruling, the court noted the wife's desire to see petitioner, that petitioner's rape conviction occurred in 1982 and that none of petitioner's domestic violence related arrests resulted in convictions. We now find that the Supreme Court improperly substituted its discretion for that of respondent New York State Division of Parole (the Division).

Because there is no federal or state constitutional right to be released to parole supervision before serving a full sentence, the state has discretion to place restrictions on parole release (*see Matter of M.G. v Travis*, 236 AD2d 163, 167 [1997], *lv denied* 91 NY2d 814 [1998]). Pursuant to Executive Law § 259-c (2) and 9 NYCRR 8003.3, special conditions may be imposed by the Division before or after a parolee's release.

The imposition of a special condition is discretionary in nature and ordinarily beyond judicial review as long as it is made in accordance with law and no positive statutory requirement is violated (*see* Executive Law § 259-i; 9 NYCRR 8003.2; *see also Matter of Briguglio v New York State Bd. of Parole*, 24 NY2d 21, 28-29 [1969]; *People ex rel. Stevenson v Warden of Rikers Is.*, 24 AD3d 122, 123 [2005], *lv denied* 6 NY3d 712 [2006]). If the condition is rationally related to the inmate's past conduct and future chances of recidivism, Supreme Court has no authority to substitute its own discretion for that of the individuals in charge of designing the terms of a petitioner's parole release (*see Matter of M.G. v Travis*, 236 AD2d at 169; *Matter of Gerena v Rodriguez*, 192 AD2d 606 [1993]; *Matter of Dickman v Trietley*, 268 AD2d 914, 915 [2000]).

SC 13l, imposed in furtherance of the Division's "zero-tolerance" policy regarding domestic violence, codified in the Division's Policy and Procedures Manual Item No. 9401.07 (Nov. 2004), was made in the lawful exercise of official discretion, violated no statutory requirement and was neither arbitrary nor capricious in view of petitioner's criminal history, which included a conviction for rape, a classification as a level two sex offender, violations of protective orders obtained by his former

wife and by his present wife, Provost, and two arrests for assaulting and harassing Provost (*see Matter of Ciccarelli v New York State Div. of Parole*, 11 AD3d 843, 844 [2004]; *Matter of Ahlers v New York State Div. of Parole*, 1 AD3d 849, 850 [2003]; *Matter of Wright v Travis*, 297 AD2d 842 [2002]). The foregoing demonstrates petitioner's extensive history of violence against women, and there is a direct connection between the orders of protection taken out by Provost and petitioner's two arrests for assaulting and harassing her, and the Division's determination that unsupervised contact with Provost is incompatible with rehabilitation and may lead to future conflict with her (*see Matter of Moller v Dennison*, 47 AD3d 818 [2008], *lv denied* 10 NY3d 708 [2008]). In *Moller*, a special condition prohibited the parolee from associating or communicating with his wife without the permission of the Chairman. The Chairman summarily denied the parolee's application to reside with his wife based on the existence of a policy strictly prohibiting the approval of a proposed residence with any victim of domestic violence perpetrated by the parolee, even if the victim claimed that there had been reconciliation. On appeal, the parolee's petition to lift the special condition or to allow him to live with his wife was denied on the merits.

As to petitioner's constitutional challenge, it was rejected by the Supreme Court and petitioner has not cross-appealed from that determination. Were we to consider petitioner's contention that SC 131 "seriously interferes" with the exercise of his "fundamental constitutional right to marry," we would find, for the reasons set forth above, that SC 131 was "reasonably related" to petitioner's criminal history and future chances of recidivism, and thus permissible (*see Matter of Ariola v New York State Div. of Parole*, 62 AD3d 1228, 1229 [2009], *lv denied* 13 NY3d 707 [2009]; *People v Whindleton*, 54 AD3d 422, 423 [2008], *lv denied* 12 NY3d 822 [2009]). Even if a heightened level of scrutiny is warranted because a fundamental right is being burdened (*see Tremper v Ulster County Dept. of Probation*, 160 F Supp 2d 352 [ND NY 2001]), here, unlike *Tremper*, there is a direct relationship between petitioner's criminal history and the challenged condition of parole, which does not impose a complete impediment to plaintiffs' fundamental right to family life (*see Bostic v Jackson*, 2008 WL 1882696, *4-5, 2008 US Dist. LEXIS 33888, *10-14 [ND NY 2008]; *see also Wheeler v Pennsylvania Bd. of Probation & Parole*, 862 A2d 127, 131 [Pa Commw Ct 2004]). Concur—Tom, J.P., Andrias and Saxe, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: I respectfully dissent. The record provides no factual support for

respondent Division of Parole's (DOP) assertion that Special Condition 131, imposed in April 2007 as a condition to petitioner's release to parole, is necessary to protect petitioner's wife from domestic violence. The record does not indicate the grounds for issuance of a temporary order of protection to petitioner's current wife in August 2005. As for petitioner's arrest for assault in July 1997 based on allegations made by his then-girlfriend, who is now his wife, the charges were dropped and no parole violation was found. Petitioner was arrested for "bothering" his wife in September 2005, but the record does not indicate how he "bothered" her. He was released, and again, there was no parole violation. Given that petitioner's wife supports the present application, I do not view how these unsubstantiated allegations warrant the draconian stricture of cutting petitioner off from all contact with his wife without the permission of his parole officer. Since petitioner's wife has custody of the couple's young daughter, the restriction also effectively prevents petitioner from having contact with his daughter. Thus, the restriction not only interferes unreasonably with petitioner's marriage, but is an obstruction to the father-child relationship.

The special condition has no rational relationship to the crimes for which petitioner is currently subject to parole. The crime for which petitioner was most recently incarcerated—second-degree criminal possession of a forged instrument—is economic in nature and does not indicate that petitioner will pose any danger to his wife or child. Petitioner's 1982 conviction of first-degree rape was for a crime that, while heinous and of the utmost gravity, was committed when petitioner was 19 years old, against a stranger, not a spouse or domestic partner, and there is no evidence of petitioner having committed any sex offenses in the 27 years since that conviction. Hence, I find no rational relationship between that conviction and forbidding petitioner from having any contact with a wife who wants to see him. I note the special value of the marital relationship, to parolees like anyone else, as a source of emotional support and well-being (*see Turner v Safley*, 482 US 78, 95-96 [1987]). In that context, there is no evidence that petitioner's wife has a criminal record or would otherwise be a bad influence on him.

Accordingly, I would find that the special condition is not rationally related to the crimes for which petitioner is subject to parole, or to the State's objectives of reducing recidivism and protecting the public (*compare People ex rel. Stevenson v Warden of Rikers Is.*, 24 AD3d 122, 123 [2005], *lv denied* 6 NY3d 712 [2006]), and would affirm the order.