■ In the Matter of ROBERT BOEHM et al., Appellants, v ANDREA EVANS, as Chair of the New York State Division of Parole, Respondent. [914 NYS2d 318]—

---

Mercure, J.P. Appeal from a judgment of the Supreme Court (Connolly, J.), entered April 5, 2010 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner Robert Boehm's request to remove a special condition imposed upon his parole release.

In 1999, petitioner Robert Boehm (hereinafter petitioner) was arrested for rape in the first degree and thereafter convicted, upon his plea of guilty, of sexual abuse in the first degree. The victim, who was his girlfriend at the time and is a petitioner in this proceeding, later married petitioner while he was serving a subsequent prison term in connection with a 2004 conviction of burglary in the second degree. Petitioners participated in Family Reunion Program visits three times between October 2006 and October 2007.

In November 2008, petitioner appeared before the Board of Parole, which issued a decision setting the conditions for his anticipated release from prison. In light of the sex offense committed by petitioner against his wife, as well as evidence of a history of domestic violence between the two, the Board imposed several conditions, including the requirement that petitioner refrain from "associat[ing] in any way or communicat[ing] by any means with [his wife] without the permission of" his parole officer. After the Division of Parole denied their request to remove this special condition, petitioners commenced this proceeding challenging the condition. Supreme Court concluded that the special condition was narrowly tailored to meet a compelling state interest, and that it was neither arbitrary nor capricious. Nevertheless, inasmuch as a March 2010 update to the condition[1] did not expressly reference the parole officer's discretion to permit contact, the court remitted the matter to the Division of Parole. The parties are in agreement that the parole officer retained discretion to permit contact.

Upon petitioners' appeal, we now affirm. "[T]he decision to impose a special condition upon the release of an inmate is discretionary in nature and beyond the review of the courts so long as made in accordance with law" (*Matter of Dickman v Trietley*, 268 AD2d 914, 916 [2000]; *see Matter of Ahlers v New*

---

1. After petitioner was released to parole supervision, the condition was updated to provide that petitioner "not have contact with [his wife] via phone, cell phone, third party, or in person."

*York State Div. of Parole*, 1 AD3d 849, 849 [2003]). Petitioners concede that respondent had a compelling interest in supervising petitioner upon his release (*see generally Samson v California*, 547 US 843, 853 [2006]; *People v Sparber*, 10 NY3d 457, 469 [2008]), and that respondent has the discretion to impose conditions restricting contact between spouses. They argue, however, that the special condition at issue is unlawful, arbitrary and capricious. Specifically, petitioners assert that the special condition restricts their fundamental right to maintain a marital relationship, but is not narrowly tailored to the state's interests in supervising petitioner and protecting his wife, and serves no legitimate penological objective. We disagree.

As petitioners assert, the right to marry is a fundamental right (*see People v Knox*, 12 NY3d 60, 67 [2009], *cert denied* 558 US —, 130 S Ct 552 [2009]) that remains constitutionally protected in the penological context (*see Turner v Safley*, 482 US 78, 95-96 [1987]). To be valid, a restriction of that right must be "reasonably related to legitimate penological interests" (*id.* at 89). Reasonableness is determined by considering, among other things, whether there is "a valid, rational connection between the . . . regulation and the legitimate governmental interest put forward to justify it" (*id.* at 89 [internal quotation marks and citation omitted]), and whether "[t]here are obvious, easy alternatives . . . that accommodate the right to marry while imposing a *de minimis* burden on the pursuit of security objectives" (*id.* at 98). Moreover, a special condition will not be deemed arbitrary and capricious if it is rationally related to the inmate's criminal history, past conduct and future chances of recidivism (*see Matter of Ariola v New York State Div. of Parole*, 62 AD3d 1228, 1229 [2009], *lv denied* 13 NY3d 707 [2009]; *Matter of Ciccarelli v New York State Div. of Parole*, 11 AD3d 843, 844 [2004]; *Matter of Ahlers v New York State Div. of Parole*, 1 AD3d at 850; *Matter of Dickman v Trietley*, 268 AD2d at 916).

Here, as noted above, petitioner's decades-long criminal record includes an arrest for rape in the first degree and a conviction upon a guilty plea of sexual abuse in the first degree against his wife. Petitioner was also classified as a sex offender, violated an order of protection in favor of his wife when released on probation in connection with that crime, and has a history of domestic violence perpetrated against his wife. In addition to his past conduct with his wife, we note that petitioner received 20 disciplinary infractions while in custody, and has a long history of both substance abuse and orders of protection issued in

favor of his parents.[2] Although petitioners enjoyed three conjugal visits in a highly regulated setting, they have not had unsupervised time together since at least 2004, as Supreme Court noted.

Under these circumstances, we conclude that the special condition imposed—which is essentially a five-year ban on contact that is not supervised by a parole officer—is reasonably related to legitimate penological objectives and rationally related to petitioner's history and potential recidivism. Moreover, petitioners' suggested alternatives would impose more than a de minimis cost on the state in pursuit of its concededly legitimate goals. Indeed, "[e]ven if a heightened level of scrutiny is warranted because a fundamental right is being burdened . . . , there is a direct relationship between petitioner's criminal history and the challenged condition . . . , which does not impose a complete impediment to [petitioners'] fundamental right to family life" (*Matter of Williams v New York State Div. of Parole*, 71 AD3d 524, 526 [2010], *appeal dismissed* 15 NY3d 770 [2010], *lv denied* 15 NY3d 710 [2010] [citation omitted]; *see Matter of Moller v Dennison*, 47 AD3d 818, 819 [2008], *lv denied* 10 NY3d 708 [2008]; *see also United States v Rodriguez*, 178 Fed Appx 152, 157-158 [2006], *cert denied* 549 US 1168 [2007]). In short, the special condition is not unlawful, arbitrary or capricious and, thus, we affirm.

Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

(December 23, 2010)

---

**2.** While petitioner now seeks to live with his wife, he initially expressed a desire to live with his parents.