■ In the Matter of MARIO A. MALDONADO, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [929 NYS2d 641]—

Petitioner, an inmate, currently is serving an aggregate prison term of 15 years to life stemming from his convictions of, among other things, criminal sale of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree. Although he initially was granted conditional parole release in 2006, petitioner refused to, among other things, cooperate with his parole officer in establishing an approved residence. The Board of Parole temporarily suspended his release and rescheduled him for future appearances every six months thereafter. Inasmuch as petitioner's criminal history includes, among other things, convictions for sodomy and sexual abuse, the Board, at a scheduled appearance in April 2009, modified petitioner's parole

conditions to include, as is relevant here, a requirement that he participate in sex offender counseling or treatment as directed by his parole officer.

Petitioner subsequently refused to appear before the Board and, in November 2009, the Board notified petitioner that a parole rescission hearing would be held. Petitioner refused to attend that hearing as well and, in January 2010, the Board rescinded petitioner's conditional parole release and ordered him held for an additional 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging, among other things, the special condition requiring him to participate in sex offender counseling.[1] Supreme Court dismissed the petition, prompting this appeal.

Initially, we conclude that petitioner's challenge to the modification of the conditions of his parole is time-barred. Significantly, the special condition requiring him to attend sex offender counseling was imposed by a determination issued by the Board on April 7, 2009, and the commencement of this proceeding more than four months after that date rendered the challenge untimely (see Matter of Chmielewsky v New York State Div. of Parole, 246 AD2d 778, 779 [1998]).

To the extent that petitioner also seeks to challenge the Board's decision rescinding his conditional parole release, we note that this aspect of the proceeding was dismissed based upon petitioner's apparent failure to exhaust his administrative remedies. Specifically, the Board received petitioner's administrative appeal from the rescission decision on February 9, 2010 and, because a determination of that appeal allegedly was still pending at the time that petitioner commenced this proceeding in April 2010, Supreme Court held that it was premature.[2] The record, however, contains a letter to petitioner dated February 11, 2010 from the Assistant to the Director of Operations in the Division of Parole advising petitioner that the Board's imposition of special conditions allegedly was not subject to administrative appeal. Although respondents maintain that the author of this letter was not a member of the Division's Appeals Unit and

1. Although petitioner also sought to annul other parole conditions imposed by the Board, he does not challenge their dismissal on appeal. Therefore, we deem any arguments in that regard to be abandoned (see Matter of Gathers v Artus, 59 AD3d 795, 795 [2009]).

2. Pursuant to the applicable regulations, petitioner could only commence a CPLR article 78 proceeding prior to the issuance of an administrative appeal determination if said appeal remained undecided for four months after it was filed (see 9 NYCRR 8006.4 [c]).

the letter did not constitute a final decision on petitioner's appeal, given the phrasing of the letter, we find that petitioner reasonably concluded that his appeal had been denied, thereby exhausting his administrative remedies.

Rather than remit this matter to Supreme Court, we deem it appropriate to review the merits of the Board's parole rescission determination in the interest of judicial economy (*see Matter of Moller v Dennison*, 47 AD3d 818, 819 [2008], *lv denied* 10 NY3d 708 [2008]). Upon said review, we find no abuse of "the Board's broad discretion to rescind parole" (*Matter of Pugh v New York State Bd. of Parole*, 19 AD3d 991, 992 [2005], *lv denied* 5 NY3d 713 [2005])—particularly in light of petitioner's repeated refusal to attend scheduled hearings. Additionally, we find that the special condition imposed was "rationally related to [petitioner's] past conduct and future chances of recidivism" (*Matter of Williams v New York State Div. of Parole*, 71 AD3d 524, 525 [2010], *appeal dismissed* 15 NY3d 770 [2010], *lv denied* 15 NY3d 710 [2010]).

The remaining contentions raised by petitioner have been reviewed and found to be unpersuasive.

Peters, J.P., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.