■ In the Matter of HAROLD GEORGE et al., Appellants, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [968 NYS2d 670]—

Peters, P.J. Appeal from a judgment of the Supreme Court (McGrath, J.), entered December 5, 2012 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole imposing certain conditions upon petitioner Harold George's parole release.

Petitioner Harold George (hereinafter petitioner) was convicted of murder in the second degree in 1991 and sentenced to a prison term of 15 years to life, running concurrently with sentences imposed upon a federal conviction for drug and weapons offenses. Petitioner Allison George (hereinafter the wife) married petitioner while he was incarcerated in 1999, and the two resided together after he was paroled in 2008. Following a 2010 domestic dispute in which petitioner allegedly attacked his wife, he was charged with violating the conditions of his parole in numerous respects. He pleaded guilty to several parole violations unrelated to the assaultive conduct, resulting in the revocation of his parole and the imposition of a 20-month time assessment.

The Board of Parole thereafter authorized petitioner's re-release and set forth parole conditions that, among other things, barred him from having any contact with his wife for at least one year and required him to successfully participate in a domestic violence offenders program. Petitioner refused to acknowledge that he had read and understood the conditions and, accordingly, has remained imprisoned (*see* 9 NYCRR 8003.1 [c]). After petitioners' unsuccessful efforts to have the Board alter the conditions, they commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition following joinder of issue, and petitioners appeal.

This appeal is not moot. While the Board is considering substituting less restrictive conditions for those challenged by petitioners, the Attorney General admitted at oral argument that the new conditions have neither been finalized nor served upon petitioner (*see* Executive Law § 259-i [2] [a]; 9 NYCRR 8003.2). Given both the uncertain final form of the modified conditions and lack of substantive action in imposing them, the rights of the parties remain "directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Matter of Whiting v Ward*,

97 AD3d 861, 862 [2012]; *cf. Encore Coll. Bookstores, Inc. v City Univ. of N.Y.*, 75 AD3d 442, 443 [2010]).

Turning to the merits, the Board is vested with discretion to determine the conditions upon which an inmate is released, and its decision in that regard is not subject to judicial review if made in accordance with the law (*see* Executive Law §§ 259-c [2]; 259-i [5]; *Matter of Boehm v Evans*, 79 AD3d 1445, 1446 [2010], *lv denied* 16 NY3d 707 [2011], *cert denied* 565 US —, 132 S Ct 1091 [2012]). Petitioners argue that the conditions at issue are unlawful, arbitrary and capricious, in that they lack a sufficient factual basis in the record and improperly impair their fundamental right to maintain a marital relationship. We disagree.

Parole conditions that are "rationally related to the inmate's criminal history, past conduct and future chances of recidivism" are not arbitrary and capricious (*Matter of Boehm v Evans*, 79 AD3d at 1447; *see Matter of Maldonado v New York State Div. of Parole*, 87 AD3d 1231, 1233 [2011]). Moreover, petitioner's fundamental rights to associate and marry may be restricted by parole conditions that are "reasonably related to legitimate penological interests" (*Turner v Safley*, 482 US 78, 89 [1987]; *see Matter of Boehm v Evans*, 79 AD3d at 1447; *Matter of Williams v New York State Div. of Parole*, 71 AD3d 524, 526 [2010], *appeal dismissed* 15 NY3d 770 [2010], *lv denied* 15 NY3d 710 [2010]).*

Petitioner has an extensive criminal history involving both firearms and violence. Moreover, while on parole supervision he was fired from his job for threatening a coworker. The purported assault upon his wife occurred just one month later. Authorities were summoned to the marital residence after petitioners became embroiled in a prolonged and heated argument. Upon arrival, the wife purportedly stated that petitioner had struck her and physically restrained her when she attempted to flee. According to petitioner's parole officer, the wife revealed that petitioner had repeatedly beaten her and threatened to harm her and her family if she reported the abuse, and she fully believed that petitioner was capable of carrying out his threats. While the wife later denied that she had made those comments or that any assault had occurred, petitioners failed to conclusively demonstrate that the Board considered incorrect information in imposing the complained-of conditions upon petitioner,

---

* We decline the invitation of amicus curiae to revisit the recently decided issue of what standard to apply in assessing whether a parole condition impermissibly interferes with an inmate's associational rights (*see Matter of Boehm v Evans*, 79 AD3d at 1447).

and the wife's recantation accordingly created a credibility issue for the Board to resolve (*see Matter of Austin v Division of Parole*, 278 AD2d 731, 732 [2000]; *People ex rel. Fahim v Lacy*, 266 AD2d 612, 612 [1999], *lv denied* 94 NY2d 759 [2000]; *see also Matter of Patterson v New York State Bd. of Parole*, 202 AD2d 940, 940 [1994]). After reviewing these facts, we are persuaded that the challenged conditions are "reasonably related to legitimate penological objectives and rationally related to petitioner's history and potential recidivism" (*Matter of Boehm v Evans*, 79 AD3d at 1448).

We have considered petitioners' remaining contentions and find them to be without merit.

Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.