■ In the Matter of MARYKATE F. PASCAZI, Appellant, v NEW YORK STATE BOARD OF LAW EXAMINERS et al., Respondents. [57 NYS3d 234]—

Devine, J. Appeal from a judgment of the Supreme Court (Schick, J.), entered February 26, 2016 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Board of Law Examiners finding petitioner ineligible to sit for the New York bar examination.

Petitioner obtained a Graduate Diploma in Law from, and completed a postgraduate Legal Practice Course at, a university in the United Kingdom. Relying upon that foreign academic work, she sought approval to sit for the New York bar examination (*see* 22 NYCRR 520.6 [b] [1]). Respondent New York State Board of Law Examiners (hereinafter respondent) determined that her education did not satisfy the requirements of 22 NYCRR 520.6 (b) (1) and that she was therefore ineligible to take the examination. Respondent further advised petitioner that she may be eligible under another regulatory provision (*see* 22 NYCRR 520.6 [b] [2]) and invited her to provide information in that regard.

Petitioner, without doing anything further, commenced this CPLR article 78 proceeding seeking to set aside respondent's determination. Supreme Court dismissed the proceeding following joinder of issue, holding that petitioner had failed to exhaust her administrative remedies by not requesting a waiver of educational requirements from the Court of Appeals (*see* 22 NYCRR 520.14). Petitioner now appeals.

Initially, while the Court of Appeals may waive the applicability of regulatory requirements, petitioner argues that her legal education meets the requirements of 22 NYCRR 520.6 (b) (1) in the first instance. She believes that she is qualified under the rules, in other words, and if "there is no rule establishing the purported bar to petitioner's [taking the examination], the waiver procedure is inapplicable" (*Matter of Anonymous*, 78 NY2d 227, 233 [1991]). Accordingly, a waiver application could not have addressed petitioner's argument and would have been futile, placing this case within one of the exceptions to the exhaustion of administrative remedies doctrine (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of North Shore Univ. Hosp. v Axelrod*, 204 AD2d 894, 895 [1994], *lv denied* 84 NY2d 805 [1994]; *Matter of Fahey v Perales*, 141 AD2d 934, 935 [1988]).

Supreme Court erred in dismissing the petition on exhaustion grounds but, rather than remitting this matter for Supreme Court to address the merits, we will address them in the interest of judicial economy (*see Matter of Maldonado v New York State Div. of Parole*, 87 AD3d 1231, 1233 [2011]; *Matter of Alamin v New York State Dept. of Correctional Servs.*, 253 AD2d 948, 948 [1998]). An individual who has studied in a foreign country may qualify to take the New York bar examination if he or she meets certain requirements, among them that the foreign "program and course of law study successfully completed . . . were the substantial equivalent of the legal education provided by an American Bar Association approved law school in the United States" (22 NYCRR 520.6 [b] [1] [i] [*b*]). It follows that the foreign course of study must be equivalent to a "first degree in law," namely, a Juris Doctor degree awarded by an approved law school (22 NYCRR 520.3 [a] [1]).

The administrative record contains a letter from respondent's deputy executive director advising that respondent does not recognize petitioner's course of study as the substantive equivalent of an American Juris Doctor degree. The documentation before respondent reveals that its position was a reasonable one. Petitioner provided further information in her petition and annexed documents as to why she believed her

education was nevertheless adequate, but those efforts overlook that "[a] court's review of administrative actions is limited to the record made before the agency" (*Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton*, 279 AD2d 756, 760 [2001]; *see Matter of Levine v New York State Liq. Auth.*, 23 NY2d 863, 864 [1969]).* Thus, even assuming that the surreply papers submitted by respondents should not have been considered, "it cannot be said that as a matter of law [respondent's] action was either arbitrary or capricious" (*Matter of Bruno v LeBow*, 95 AD2d 731, 732 [1983], *affd* 60 NY2d 826 [1983]).

McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner complains that respondent did not request additional information regarding her academic work before denying her application but, while respondent "may order additional proofs to be filed" if it has concerns regarding an "applicant's qualification to sit for the [bar] examination," it is not required to do so (22 NYCRR former 6000.2 [f]). In any case, if petitioner argues not that respondent's general skepticism of her course of study is irrational, but that her personal educational background renders her worthy of sitting for the bar examination, she could and should have raised that issue in an application to the Court of Appeals for a regulatory waiver (*see* 22 NYCRR 520.14).