Matter of Newman v Stanford (2020 NY Slip Op 05110)





Matter of Newman v Stanford


2020 NY Slip Op 05110


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530300

[*1]In the Matter of John Newman, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date: September 4, 2020

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


John Newman, Rome, appellant pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hartman, J.), entered October 18, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
In 2009, defendant was sentenced to an aggregate prison term of 5½ years and 10 years of postrelease supervision following his conviction of, among other things, rape in the third degree and criminal sexual act in the third degree (People v Newman, 99 AD3d 1107 [2012]). Petitioner was released in 2013 and 2017 to postrelease supervision but both times his release was revoked. In December 2018, in anticipation of petitioner again being released to postrelease supervision, the Board of Parole imposed certain conditions upon his postrelease supervision. Petitioner, although expressing disagreement with the conditions, signed the release papers on February 11, 2019 and was released. Shortly after petitioner's release, his parole officer imposed special conditions of release. Petitioner signed the paper regarding the imposed special conditions, as well as a grievance acknowledgment form indicating that he was informed of the grievance procedures available. Thereafter, petitioner was charged with violating postrelease supervision and his released was revoked in April 2019.
On June 24, 2019, petitioner commenced this CPLR article 78 proceeding challenging the imposition of the conditions and subsequent special conditions of his February 2019 release. Respondent moved to dismiss the petition on the grounds of timeliness and failure to exhaust administrative remedies. Supreme Court granted the motion, and this appeal ensued.
We affirm. Initially, petitioner's challenge to the conditions imposed by the Board is time-barred given that he did not commence this proceeding within four months of being notified in December 2018 of the relevant conditions (see CPLR 217; Matter of Maldonado v New York State Div. of Parole, 87 AD3d 1231, 1232 [2011]). As to petitioner's challenge to the special conditions imposed by the parole officer on February 14, 2019, the record does not reflect that petitioner, despite being informed of the grievance procedure, submitted a grievance within the 30 days of receiving the special conditions (see Dept of Corr & Community Supervision Directive No. 9402 [VI] [A] [2]). As such, petitioner failed to exhaust his administrative remedies in connection therewith (see e.g. Matter of Johnson v Ricks, 278 AD2d 559, 559 [2000], lv denied 96 NY2d 710 [2001]). Accordingly, we find that Supreme Court properly dismissed the petition.
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.