■ In the Matter of JOSEPH HORTON, Respondent, v RICHARD HONGISTO, as Commissioner of Correctional Services, et al., Appellants.—Judgment unanimously affirmed, without costs. Memorandum: In this CPLR article 78 proceeding, respondents appeal from a judgment directing that they afford a hearing to petitioner, a prisoner, with respect to the denial of his application for work release. On October 19, 1977 petitioner was approved to participate in the work release program, one of the temporary release programs of Correction Law (§ 851 *et seq.;* § 851, subd 3). Before he began participation he was denied parole, and his next appearance before the Parole Board was set for July, 1979, more than a year hence. Pursuant to a provision in the Correction Law (§ 851, subd 2, as amd by L 1977, ch 691, § 1, eff Sept. 1, 1977) that if an inmate is denied release on parole he shall not be eligible for temporary release until he is within one year of his next consideration for parole, petitioner's eligibility for work release was suspended. When petitioner again found himself within one year of eligibility for parole, he reapplied for work release. Without a hearing the temporary release committee denied his reapplication. The only stated reason for the denial was the serious nature of the crimes of which petitioner had been convicted. To determine whether petitioner has a right to a hearing, we must consider whether he has suffered a grievous loss of a liberty or property interest to which he has an entitlement arising under State or Federal law or practice (see *Meachum v Fano*, 427 US 215, reh den 429 US 873; *Wolff v McDonnell*, 418 US 539; *Tracy v Salamack*, 440 F Supp 930, mod 572 F2d 393). Deprivation of participation in a work release program may under certain circumstances constitute a grievous loss of a liberty interest such as would warrant a hearing (see *Durso v Rowe*, 579 F2d 1365, US app pending; *Tracy v Salamack, supra*). The question here is whether petitioner has an entitlement to this liberty interest. We note that he was initially approved in accordance with the statutory substantive and procedural requirements which were in effect when he reapplied. There is no

allegation and nothing in the record to indicate that he was guilty of any misconduct subsequent to his initial approval or that any other event subsequent to his initial approval had been a factor contributing to the denial. Further, it appears that the State's policy had been to allow an inmate to continue in the program unless he violated the conditions of his release or unless other factors intervened. In *Tracy v Salamack* (440 F Supp 930, 935, *supra*), Judge Lasker concluded that an entitlement in the work release program had been created because "a reasonable person, once accepted [into New York's work release program] would expect to be allowed to continue in the program unless by his own conduct he gave cause for removal." He based his conclusion in part on a "natural reading" of the form agreement (set forth in Correction Law, § 855, subd 6) signed by each participant and on prior official policy and practice in administering the program, including a statement to the court by the then Commissioner of Correctional Services Lewis L. Douglas that prior to the 1977 amendment, both the department and the participants had assumed that participation would continue absent specific violation. (See *Matter of Ketwig v Ward*, 93 Misc 2d 103, 104-105.) Thus, were it not for the statutory requirement that he be within one year of parole consideration which caused a hiatus during which he could not participate, petitioner would have enjoyed continuing participation in the work release program. We find, therefore, that petitioner had a cognizable expectation that, upon reapplication when he was again within one year of parole consideration, he would automatically be restored to the work release program. Petitioner is entitled to a hearing in accordance with *Wolff v McDonnell (supra; see Tracy v Salamack, supra)*. (Appeal from judgment of Orleans Supreme Court—art 78.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.