In the Matter of CHRISTOPHER D. ARIOLA, Petitioner, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [880 NYS2d 367]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was convicted of manslaughter in the first degree stemming from the beating death of his father, as well as attempted robbery in the third degree stemming from an incident where the victim was assaulted with a bottle. In February 2007, he was conditionally released to parole supervision. In light of his "extensive mental health history," a special condition was imposed requiring petitioner to complete a particular counseling program and refrain from discontinuing such program until granted permission to do so by his parole officer. Less than six weeks later, petitioner was charged with violating this condition after he, among other things, failed to provide sufficient infor-

mation to permit an accurate assessment of his mental health/ substance abuse status and need for treatment. Following a final revocation hearing, he was found guilty of three of four charges, his parole was revoked and a 24-month hold was imposed. The determination was affirmed upon administrative review, prompting this CPLR article 78 proceeding.

"[A] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]; *Matter of Kovalsky v New York State Div. of Parole*, 30 AD3d 679, 680 [2006]). Here, the record establishes that, despite being aware of the need to complete the specified counseling program, petitioner did not cooperate so as to permit an appropriate assessment. Petitioner's contrary testimony presented a credibility issue for the Board of Parole to resolve (*see Matter of Davidson v New York State Div. of Parole*, 34 AD3d 998 [2006], *lv denied* 8 NY3d 803 [2007]; *Matter of Faulkner v New York State Div. of Parole*, 25 AD3d 1047, 1048 [2006]).

To the extent that petitioner challenges the imposition of this special condition, it is well settled that "[t]he imposition of a special condition upon the release of an inmate is discretionary in nature and beyond judicial review so long as it is made in accordance with law" (*Matter of Ahlers v New York State Div. of Parole*, 1 AD3d 849, 849 [2003]; *see People ex rel. Stevenson v Warden of Rikers Is.*, 24 AD3d 122, 123 [2005], *lv denied* 6 NY3d 712 [2006]). Further, a special condition may be imposed prior or subsequent to release on parole, and "the circumstances of the parolee's crime may be taken into account when setting these conditions" (*Matter of M.G. v Travis*, 236 AD2d 163, 167 [1997], *lv denied* 91 NY2d 814 [1998]). In view of the nature of petitioner's crimes and expressed concerns regarding his mental health, we cannot say that the imposition of this special condition was irrational. To the extent that petitioner contends that the condition infringes upon his right to privacy, we find that it was "reasonably related to petitioner's past crime and future chances of recidivism" and thus permissible (*Matter of M.G. v Travis*, 236 AD2d at 169). His remaining contentions, including the assertion that the hold imposed was excessive, have been examined and found to be lacking in merit.

Peters, J.P., Spain, Kane, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.