In a proceeding pursuant to CPLR article 78 to review a determination of William McCartney, the Suffolk County Bureau Chief of the New York State Department of Corrections and Community Supervision, dated July 29, 2015, which denied approval of the petitioner’s proposed postrelease residence, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Santorelli, J.), dated October 19, 2015, which denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the determination is annulled, and the matter is remitted to the New York State Department of Corrections and Community Supervision for a new determination consistent herewith.
 

 On or about May 21, 2015, the New York State Board of Parole (hereinafter the Parole Board) authorized the petitioner, an inmate in the custody and control of the respondent New York State Department of Corrections and Community Supervision (hereinafter DOCCS), to be released from prison subject to parole supervision. The petitioner had served 29 years of an indeterminate term of imprisonment of 15 to 45 years for convictions of sex offenses committed against two adult women.
 

 The Parole Board approved the petitioner’s release subject to certain conditions set forth in a Release Decision Notice dated May 21, 2015, which was subsequently amended by a Release Decision Notice dated July 14, 2015. The amended notice omitted a condition set forth in the first notice requiring the petitioner to propose a residence for investigation by DOCCS.
 

 The petitioner had advised the Parole Board and DOCCS that he planned to live in the family home in Suffolk County with his mother and sister (hereinafter the Telford home), where he had lived from the time he was four years old until he was incarcerated. Although three parole officers inspected the proposed residence on two different occasions and found it suitable, the respondent William McCartney, the Suffolk County Bureau Chief of DOCCS, denied approval of the Telford home as the petitioner’s postrelease residence, citing concerns about the safety of the petitioner and his family, as well as the community and parole officers, which arose from unspecified community opposition.
 

 The petitioner commenced this CPLR article 78 proceeding to review the determination denying approval of the Telford home as his postrelease residence. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
 

 “Pursuant to Executive Law § 259-c (2) and 9 NYCRR 8003.3, special conditions may be imposed upon a parolee’s right to release. The courts routinely uphold these conditions as long as they are rationally related to the inmate’s past conduct and future chance of recidivism. Acceptable parole restrictions have included geographical restrictions and restrictions requiring that parolees refrain from contact with certain individuals or classes of individuals” (Matter of Williams v Department of Corr. & Community Supervision, 136 AD3d 147, 159 [2016]; see e.g. Matter of Boss v New York State Div. of Parole, 89 AD3d 1265, 1266 [2011]; Matter of Moller v Dennison, 47 AD3d 818, 819 [2008]; Matter of Gerena v Rodriguez, 192 AD2d 606, 606-607 [1993]).
 

 Under the circumstances of this case, speculation by DOCCS about possible community efforts to exclude the petitioner from otherwise suitable housing and about the petitioner’s potential response to such efforts is not a rational basis for denial of otherwise suitable housing (see e.g. Matter of Brown v Commissioner of N.Y. State Dept. of Correctional Servs., 70 AD2d 1039 [1979]; People ex rel. Howland v Henderson, 54 AD2d 614 [1976]; Matter of Ebbs v Regan, 54 AD2d 611 [1976]; see also People v Diack, 24 NY3d 674, 677 [2015]). As the respondents have articulated no other basis for denying approval of the proposed residence, the respondents’ refusal to approve the Telford home as a suitable postrelease residence was arbitrary and capricious, as the determination bears no rational relation to the petitioner’s past conduct or likelihood that he will re-offend (see Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652 [2013]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
 

 Accordingly, we grant the petition to the extent of annulling the determination denying approval of the Telford home as the petitioner’s postrelease residence and remit the matter to DOCCS for a new determination consistent herewith.
 

 Mastro, J.R, Balkin, Sgroi and Duffy, JJ., concur.