Matter of Karlin v Stanford (2022 NY Slip Op 06036)

Matter of Karlin v Stanford

2022 NY Slip Op 06036

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533214
[*1]In the Matter of Daniel Karlin, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Daniel Karlin, Rochester, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Clark, J.
Appeal from a judgment of the Supreme Court (Gerald W. Connolly, J.), entered March 25, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole finding that petitioner had violated the conditions of his postrelease supervision and imposing a 22-month hold.
In 1993 and 1994, petitioner was convicted under two separate indictments of multiple criminal sexual offenses against children who were in his care. Petitioner was conditionally released to parole supervision in September 2018, at which time various conditions concerning his release were imposed. In December 2018, when he was permitted the use of a computer and the Internet for academic purposes, petitioner agreed to additional special conditions, including that he "not view, access, possess and/or download any materials depicting sexual activity, nudity, or erotic images." Then, in February 2019, less than five months after his conditional release, petitioner was charged with, among other things, violating the aforementioned special condition by accessing a periodical containing a photograph of several nude men from behind, as well as articles of an explicitly sexual nature. Petitioner ultimately pleaded guilty to the relevant charges and was thereafter sentenced to a 22-month hold, which determination was upheld on administrative appeal.
Petitioner commenced this CPLR article 78 proceeding challenging the special condition underlying the parole violation determination, arguing that the condition is unconstitutionally overbroad and infringes upon his First Amendment rights. Supreme Court, as is pertinent here, concluded that the special condition at issue was properly imposed and dismissed the petition. Petitioner appeals.
We affirm. Petitioner's sole challenge on appeal is to the imposition of the special condition prohibiting his viewing and access to materials depicting sexual activity or nudity. "[I]t is well settled that the imposition of a special condition upon the release of an [incarcerated individual] is discretionary in nature and beyond judicial review so long as it is made in accordance with law" (Matter of Ariola v New York State Div. of Parole, 62 AD3d 1228, 1229 [3d Dept 2009] [internal quotation marks, brackets and citation omitted], lv denied 13 NY3d 707 [2009]; see Executive Law § 259-c [2]; 9 NYCRR 8003.3). "[A] special condition may be imposed prior or subsequent to release on parole, and the circumstances of the parolee's crime may be taken into account when setting these conditions" (Matter of Ariola v New York State Div. of Parole, 62 AD3d at 1229 [internal quotation marks and citation omitted]).
Addressing first petitioner's claim that the special condition imposed improperly infringes upon his First Amendment rights, we note that "[such] rights of parolees are circumscribed[,]" including access to otherwise protected sexual materials (Farrell v Burke, 449 F3d [*2]470, 497 [2d Cir 2006]). As to petitioner's specific circumstances, the record reflects his significant criminal sexual history against children. The record further reveals that petitioner had been scored as having a "high risk" for recidivism and that his admitted conduct in accessing the material in violation of the imposed special condition was also the basis for his termination from a sex offender treatment program. Under these circumstances, we find that the special condition imposed was reasonably related to petitioner's past crimes and the mitigation of his future risk of recidivism (see Birzon v King, 469 F2d 1241, 1243 [2d Cir 1972]; Matter of Ariola v New York State Div. of Parole, 62 AD3d at 1229; see generally People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 202 [2020]; Matter of George v New York State Dept. of Corr. and Community Supervision, 107 AD3d 1370, 1372 [3d Dept 2013], lv dismissed 22 NY3d 928 [2013]; Matter of Boehm v Evans, 79 AD3d 1445, 1447 [3d Dept 2010], lv denied 16 NY3d 707 [2011], cert denied 565 US 1159 [2012]; Matter of Williams v New York State Div. of Parole, 71 AD3d 524, 525-526 [1st Dept 2010], appeal dismissed 15 NY3d 770 [2010], lv denied 15 NY3d 710 [2010]).
We are similarly unpersuaded by petitioner's claim that the special condition is unconstitutionally overbroad. Initially, "[t]he purpose of an overbreadth challenge is to prevent the chilling of constitutionally protected conduct, as prudent citizens will avoid behavior that may fall within the scope of a prohibition, even if they are not entirely sure whether it does" (Farrell v Burke, 449 F3d at 499). However, contrary to petitioner's assertions, "[t]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge" (United States v Williams, 553 US 285, 303 [2008] [internal quotation marks and citation omitted]). "In order to prevail on an overbreadth challenge, the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep" (Farrell v Burke, 449 F3d at 499 [internal quotation marks and citation omitted]). Given that overbreadth challenges address the chilling effect that a law can have on the free speech of the public at large (see id. at 498; People v Marquan M., 21 NY3d 1, 8 [2014]), petitioner's argument, as applied to the challenged special condition, is without merit. Notably, petitioner's First Amendment rights are circumscribed by his status as a parolee. Therefore, we cannot say that the special condition was unconstitutionally overbroad. Rather, the special condition was a plainly legitimate sweep to regulate petitioner's access to certain materials during his conditional release based upon his criminal history and risk of recidivism (see Farrell v Burke, 449 F3d at 497; Birzon v King, 469 F2d at 1243; see generally United States v Simmons, 343 F3d [*3]72, 82 [2d Cir 2003]). In view of the foregoing conclusions, the petition was properly dismissed (see Executive Law § 259-c [2]; 9 NYCRR 8003.3; Matter of Ariola v New York State Div. of Parole, 62 AD3d at 1229).
Garry, P.J., Egan Jr., Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.