Matter of Kelsey v Kemp (2024 NY Slip Op 03177)

Matter of Kelsey v Kemp

2024 NY Slip Op 03177

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-08001
 (Index No. 394/22)

[*1]In the Matter of Michael N. Kelsey, appellant,
v
V. Kemp, etc., et al., respondents.

Michael N. Kelsey, Salt Point, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and David Lawrence III of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review certain special conditions of release to parole supervision and action for related declaratory relief, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated August 2, 2022. The judgment, insofar as appealed from, denied those branches of the petition which were for review of special conditions 5, 8, 13, 33, and 46 (clauses 1 and 3) and dismissed the proceeding and action insofar as related to those special conditions.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2016, the petitioner/plaintiff (hereinafter the petitioner) was convicted of multiple criminal sexual offenses against two minors who were in his care. The petitioner was conditionally released to parole supervision in May 2022. The petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and action for related declaratory relief, challenging the imposition of various special conditions concerning his release, including special conditions 5, 8, 13, 33, and 46 (clauses 1 and 3). In a judgment dated August 2, 2022, the Supreme Court, concluding that special conditions 5, 8, 13, 33, and 46 (clauses 1 and 3) were properly imposed, inter alia, denied those branches of the petition which were for review of special conditions 5, 8, 13, 33, and 46 (clauses 1 and 3) and dismissed the proceeding and action insofar as related to those special conditions. The petitioner appeals.
"Decisions of the New York State Division of Parole which concern the release of an inmate to parole supervision, including any special conditions imposed by a parole board or a field parole officer, are discretionary in nature and thus beyond the review of the courts if made in accordance with law" (Matter of Gerena v Rodriguez, 192 AD2d 606, 606; see Matter of Karlin v Stanford, 209 AD3d 1189, 1190; Matter of Ahlers v New York State Div. Of Parole, 1 AD3d 849, 849; Matter of Dickman v Trietley, 268 AD2d 914, 916; Matter of M.G. v Travis, 236 AD2d 163, 167). "'Pursuant to Executive Law § 259-c(2) and 9 NYCRR 8003.3, special conditions may be imposed upon a parolee's right to release. The courts routinely uphold these conditions as long as they are rationally related to the inmate's past conduct and future chance of recidivism'" (Matter of Telford v McCartney, 155 AD3d 1052, 1054, quoting Matter of Williams v Department of Corr. & Community Supervision, 136 AD3d 147, 159).
Contrary to the petitioner's contention, the Supreme Court properly determined that each of the challenged special conditions was rationally related to the petitioner's past crimes and the mitigation of his future risk of recidivism, and was not arbitrary and capricious (see Matter of Karlin v Stanford, 209 AD3d at 1190; Matter of Ariola v New York State Div. of Parole, 62 AD3d 1228, 1229; People v Whindleton, 54 AD3d 422, 423; Matter of M.G. v Travis, 236 AD2d 163, 165).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the petition which were for review of special conditions 5, 8, 13, 33, and 46 (clauses 1 and 3) and dismissed the proceeding and action insofar as related to those special conditions.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court