Matter of Karlin v Stanford (2024 NY Slip Op 04048)

Matter of Karlin v Stanford

2024 NY Slip Op 04048 [42 NY3d 1015]

July 31, 2024

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 18, 2024

[*1]

In the Matter of Daniel Karlin, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent.

Argued May 16, 2024; decided July 31, 2024

Matter of Karlin v Stanford, 209 AD3d 1189, affirmed.

APPEARANCES OF COUNSEL

Cornell Law School First Amendment Clinic, Ithaca (Christina N. Neitzey and Mark H. Jackson of counsel), for appellant.
Letitia James, Attorney General, Albany (Kate H. Nepveu, Barbara D. Underwood and Jeffrey W. Lang of counsel), for respondent.
New York Civil Liberties Union Foundation, New York City (Daniel R. Lambright and Christopher T. Dunn of counsel), for New York Civil Liberties Union, amicus curiae.

{**42 NY3d at 1015} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed, without costs.
Petitioner was convicted of multiple criminal sex offenses from incidents involving several male children in his care when{**42 NY3d at 1016} he was a teenager. He was conditionally released to parole supervision in September 2018 and was adjudicated a level three violent sex offender. Among other things, his conditions of release barred him from "own[ing], possess[ing], purchas[ing], or hav[ing] control of any computer, computer related material, electronic storage devices, communication devices and/or the internet" unless he obtained prior written permission from his parole officer.
Thereafter, petitioner enrolled in college courses. In December 2018, petitioner requested a computer with Internet access for school. His parole officer approved his request, subject to the following special conditions, which petitioner certified that he had read and understood:
1.[*2]"I will provide all personal, business, phone, internet service provider and/or any related records to my Parole Officer upon request."
2. "I will provide all user ID's and passwords for the device or any programs, upon request by my Parole Officer."
3. "I will cooperate with unannounced examinations directed by my Parole Officer of any/all computer(s) and storage devices, whether installed within a device or removable. I understand that an examination may entail my Parole Officer seizing the device(s)."
4. "I will install or allow to be installed, at my own expense, equipment and/or software to monitor or limit computer use, as directed by my Parole Officer."
5. "I will not access any social media sites or applications including, but not limited to Facebook, Instagram, Classmates, YouTube, etc."
6. "I will not access or use any dating, chat, or instant messaging sites."
7. "I will not employ any cleaning utility or defragmentation technology that prevents the recovery or tracing of information by overwriting and destroying data beyond recovery. I agree not to employ any form of encryption or cryptography."
8. "I will shall [sic] not view, access, possess and/or download any materials depicting sexual activity, nudity, or erotic images."
During a random search of the computer, petitioner's parole officer found evidence that he had violated the last special condition (identified as "ADD8"). Petitioner pleaded guilty to using the computer to access materials depicting sexual activity{**42 NY3d at 1017} and nudity. As a result, his parole was revoked for 22 months, after which he was rereleased on parole without the special conditions. Petitioner commenced this CPLR article 78 proceeding to challenge the revocation of his parole on the ground that ADD8 was unconstitutional under the First Amendment of the United States Constitution.
Although parolees indisputably possess First Amendment rights, because they remain under penal supervision, the compelling governmental interest in protection of the community and advancement of their rehabilitation allow for greater restrictions on their constitutional rights than the rights of the public at large (see Samson v California, 547 US 843, 850, 853 [2006]; Morrissey v Brewer, 408 US 471, 482 [1972]). A person released on parole remains in the "legal custody" of the Department of Corrections and Community Supervision (Executive Law § 259-i [2] [b]). At the same time, parolees "enjoy greater freedom in many respects than a [person who is incarcerated]" (Birzon v King, 469 F2d 1241, 1243 [2d Cir 1972]).
[*3]Here, petitioner's initial conditions of release—which he does not challenge—wholly barred him from accessing the Internet.[FN1] When granting petitioner's request for a relaxation of that condition to allow him to complete college coursework, the Board of Parole imposed several conditions, including ADD8, as a limitation on his use of the Internet and to facilitate his parole officer's ability to monitor his Internet usage. The restrictions ADD8 imposed on petitioner are a relaxation of the original ban on his access to the Internet and are carefully circumscribed to accommodate his request while ensuring the safety of the public. Petitioner therefore has failed to establish a violation of his First Amendment rights (see United States v Myers, 426 F3d 117, 126 [2d Cir 2005]; United States v Reeves, 591 F3d 77, 82-83 [2d Cir 2010]).[FN2] Although petitioner contends that, standing alone, ADD8 would bar him from reading classics{**42 NY3d at 1018} or going to an art museum, that condition is part of a set of conditions clearly aimed at Internet access. The violations to which he pleaded guilty involved the use of his computer to access the Internet for purposes not within the limited exception granted him.
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Manzanet-Daniels[FN*] concur. Judge Halligan took no part.
Order affirmed, without costs, in a memorandum.

Footnotes

Footnote 1:Because petitioner does not challenge the total Internet ban, the constitutionality of that condition is not properly before us. We note that, subsequent to petitioner's parole revocation, the Board of Parole settled a separate action (see Jones v Stanford, 489 F Supp 3d 140 [ED NY 2020]), in which it stipulated that it would not impose wholesale restrictions on a sex offender registrant's access to the Internet where that person had not "used the internet to facilitate the commission of their underlying sex offense" (id. at 143).

Footnote 2:Under the particular circumstances here, we have no occasion to determine the applicable standard of review, because the condition limiting the use of the computer with Internet access provided for educational purposes would survive regardless of the level of scrutiny applied.

Footnote *:Designated pursuant to NY Constitution, article VI, § 2.