Matter of Kelsey v Machado (2025 NY Slip Op 05683)

Matter of Kelsey v Machado

2025 NY Slip Op 05683

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-06212
 (Index No. 952/22)

[*1]In the Matter of Michael N. Kelsey, appellant,
v
Irma Machado, etc., respondent.

Michael N. Kelsey, Salt Point, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Mark S. Grube and Anthony R. Raduazo of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review certain special conditions of release to parole supervision and action for related declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated February 22, 2023. The order and judgment denied the petition and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with costs.
In 2016, the petitioner/plaintiff (hereinafter the petitioner) was convicted of criminal sexual offenses against two children who were in his care. The petitioner was conditionally released to parole supervision in May 2022. Despite the fact that his score on a COMPAS risk assessment instrument qualified him for Tier 4 parole supervision, the petitioner was placed in Tier 1 parole supervision which, according to the parties, is the most restrictive tier of supervision and the tier in which all sexual offenders are placed. The petitioner commenced this hybrid proceeding pursuant to CPLR article 78 to review certain special conditions of his release to parole supervision and action for related declaratory relief, challenging his placement in Tier 1 parole supervision. In an order and judgment dated February 22, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding/action. The petitioner appeals.
"Decisions of the [New York State Department of Corrections and Community Supervision] which concern the release of an inmate to parole supervision, including any special conditions imposed by a parole board or a field parole officer, are discretionary in nature and thus beyond the review of the courts if made in accordance with law" (Matter of Gerena v Rodriguez, 192 AD2d 606, 606; see Matter of Karlin v Stanford, 209 AD3d 1189, 1190, affd 42 NY3d 1015). "'Pursuant to Executive Law § 259-c(2) and 9 NYCRR 8003.3, special conditions may be imposed upon a parolee's right to release. The courts routinely uphold these conditions as long as they are rationally related to the inmate's past conduct and future chance of recidivism'" (Matter of Telford v McCartney, 155 AD3d 1052, 1054, quoting Matter of Williams v Department of Corr. & Community Supervision, 136 AD3d 147, 159). Here, contrary to the petitioner's contention, the determination to place him on Tier 1 parole supervision, notwithstanding his initial score on the COMPAS risk assessment instrument that qualified him for Tier 4 parole supervision, was made in [*2]the lawful exercise of official discretion, and this Court will not substitute its view of the petitioner's case for that of the parole board (see Matter of Gerena v Rodriguez, 192 AD2d at 606).
The petitioner's contentions based on the Equal Protection Clause of the United States Constitution also fail. The policy at issue, which requires that all parolees who have committed sexual offenses be placed in Tier 1 parole supervision, is facially neutral and is not based on race, national origin, religion, or any other suspect class (see generally People v Aviles, 28 NY3d 497, 503). The policy is applied to parolees who are sex offenders, who do not constitute a suspect class under the Equal Protection Clause. Thus, the policy is subject to rational basis review (see id.). "On rational basis review, a statute will be upheld unless the disparate treatment is so unrelated to the achievement of any combination of legitimate purposes that . . . [it is] irrational" (Affronti v Crosson, 95 NY2d 713, 719 [internal quotation marks omitted]). In light of the nature of sexual offenses and the possibility of recidivism, in addition to the fact that "[t]he protection of children from the dangers of sexual predators is indisputably a legitimate, indeed compelling, governmental purpose" (People v Taylor, 42 AD3d 13, 16), there is a "reasonably conceivable state of facts that could provide a rational basis for the classification" (FCC v Beach Communications, Inc., 508 US 307, 313; see People v Taylor, 42 AD3d at 16). The petitioner's "class of one" theory fails, since he failed to show that he had been intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment (see Scully v Town of Mamaroneck, 186 AD3d 636, 637).
The petitioner's remaining contention is without merit.
Accordingly, we affirm the order and judgment.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court